IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,867-01






EX PARTE TERRANCE DWAYNE GIBSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 916111 IN THE 182ND DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam.



O R D E R




 This is a post-conviction application for a writ of habeas corpus filed pursuant to
Article 11.07, § 3, TEX.CODE CRIM.PROC. Applicant was convicted of aggravated
assault and punishment, enhanced by a prior conviction, was assessed at confinement for
seventy-five years. This conviction was affirmed on appeal, Gibson v. State, No. 01-03-422-CR (Tex. App. - Hou. [1st], delivered August 19, 2004, no pet.).

 Applicant contends, inter alia, that his plea was involuntary and his counsel was
ineffective because counsel told him he would receive a sentence of five years on this
conviction if he pled guilty and did not receive deferred adjudication. The trial court has
made findings of fact that this was raised and rejected on appeal, but that opinion reflects
that point was rejected because no hearing had been conducted on the voluntariness of
Applicant's plea or the effectiveness of his counsel.

 It is the Court's opinion that additional facts need to be developed and that the trial
court is the appropriate forum. Therefore, the trial court is ordered to obtain an affidavit
from Applicant's trial counsel addressing Applicant's factual allegations, and to allow
Applicant an opportunity to tender any other affidavits to support his allegations. 
Alternatively, the trial court may conduct an evidentiary hearing at which Applicant
would have an opportunity to prove his allegations, and the trial court is not limited to the
above issues if the court believes other facts relevant to the legality of Applicant's
confinement should be determined.

 If an evidentiary hearing is conducted, and Applicant is found to be indigent at the
time of the hearing, the trial court shall ensure that Applicant is represented by counsel
unless such is affirmatively waived.

 The trial court should then make findings of fact as to what counsel advised
Applicant as to the punishment he would receive, and whether Applicant pled guilty
based on incorrect information as to the punishment to be assessed. The court may also
make findings of fact as to any other matters the court deems relevant to the legality of
Applicant's confinement.

 Since this Court does not hear evidence, Ex parte Rodriguez, 334 S.W.2d 294
(Tex.Cr.App. 1960), this application for a post-conviction writ of habeas corpus will be
held in abeyance pending the trial court's compliance with this order. Any hearing
conducted pursuant to this order shall be held within 90 days of the date of this order. (1) 
The trial court's findings of fact, any affidavits or transcription of the court reporter's
notes, and any other supplementation of the record shall be returned to this Court within
120 days of the date of this order. (2)

DELIVERED: June 14, 2006

DO NOT PUBLISH
1. In the event any continuances are granted, copies of the order granting the continuance should be provided to
this Court.
2. Any extensions of this time period should be obtained from this Court.